UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

DARRIUS BRYANT, a Disabled Person,
By and through his Next Friend,
DEBORAH COOK,                                        CASE NO. 22-cv-
                                                     HON.

                    Plaintiff,

v.

COUNTY OF MACOMB, a municipal corporation,
MACOMB COUNTY SHERIFF DEPUTYS
MITCHELL BLOUNT and REBECCA JERUZAL,
In their official and individual capacities,
Jointly and severally,

                    Defendants.
_____/

RONNIE E. CROMER, JR., (P59418)
THE CROMER LAW GROUP PLLC
Counsel for Plaintiff
24901 Northwestern Hwy., Ste. 612
Southfield, MI  48075
248-809-6790 (office)
248-587-7344 (fax)
rcromerjr@thecromerlawgroup.com
_____/

## **<u>VERIFIED COMPLAINT AND DEMAND FOR JURY</u>**

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in the complaint.

     **Plaintiff DARRIUS BRYANT**, by and through his attorneys **RONNIE E.**

**CROMER, JR., of THE CROMER LAW GROUP PLLC,** states his complaint

as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec.

1331 because it arises under the Constitution and the laws of the

United States, including but not limited to 42 U.S.C. Sec. 1983.

## VENUE

2.    Venue is proper in this Court pursuant to 28 U.S.C. Sec 1391(b)

because all Defendants reside in the Eastern District of Michigan and a

substantial part, if not all of the events giving rise to the claims raised

herein, occurred in the Eastern District of Michigan.

## PARTIES

3.    At all pertinent times, **Plaintiff DARRIUS BRYANT**, (hereinafter

"Plaintiff" or "Bryant") was a resident of the County of Macomb, State

of Michigan, and a citizen of the United States, where his mother

DEBORAH COOK, is his legal guardian.

4.    Defendant **COUNTY OF MACOMB,** (herein after referred to as

Defendant "COUNTY") was at all times relevant hereto and is currently

a municipal corporation located in Macomb County, Michigan

operating under, and subject to, the United States Constitution, the

Michigan Constitution and the laws of both the United States and the

State of Michigan.

5.    Defendant **DEPUTY SHERIFF MITCHELL BLOUNT**, (hereinafter

referred to as Defendant "BLOUNT"), was employed by Defendant

COUNTY as a Sheriff Deputy in the MACOMB COUNTY SHERIFF

DEPARTMENT at all relevant times hereto and Defendants acted in the capacity of agents, employees and servants of Defendant COUNTY.

6. Defendant **DEPUTY SHERIFF REBECCA JERUZAL,** (hereinafter referred to as Defendant "JERUZAL"), was employed by Defendant COUNTY as a Sheriff Deputy in the MACOMB COUNTY SHERIFF DEPARTMENT at all relevant times hereto and Defendants acted in the capacity of agents, employees and servants of Defendant COUNTY.

7. For all times relevant hereto, Defendant MACOMB COUNTY had supervision of and control of the MACOMB COUNTY SHERIFF DEPARTMENT and all agents and/or employees and/or representatives thereof, including but not limited to Defendants BLOUNT and JERUZAL, and was directly responsible for the creation, implementation and continuation of policies, rules, and/or regulations.

8. Each Defendant, at all times pertinent hereto, acted under color of state law to deprive Plaintiff of his constitutionally protected civil rights and are being sued in their individual and official capacity for violating the Plaintiffs constitutional rights, for their willful, reckless and wanton conduct, and deliberate violation of the Plaintiffs rights and liberty.

9. Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983, and other applicable state and/or federal law, to redress the denial of rights and privileges under the United States Constitution and the Amendments thereto, including but not limited to, the Fourth Amendment.

Case 2:22-cv-12815-SJM-KGA   ECF No. 1, PageID.4   Filed 11/18/22   Page 4 of 26

10.  The amount in controversy in this action exceeds Seventy-Five
Thousand Dollars ($75,000.00) and is otherwise within this Court's
subject matter jurisdiction.

## **GENERAL ALLEGATIONS**

11.  Plaintiff specifically incorporates by reference herein each and every
allegation contained within this Complaint as if fully set forth herein.

12.  On or about November 22, 2019, a woman called the Macomb County
Sheriffs office to report seeing a black man walking in a parking lot.

13.  The female caller did not state that she saw the black man break into
any vehicles, assault anyone or commit any crime(s) whatsoever.

14.  The female caller informed the dispatcher/officers that one of the
vehicles in the vicinity of the black man, had a broken window (said
vehicle was broken down in the middle of a road and which officers
confirmed said damage was pre-existing and had not been caused by
Plaintiff BRYANT).

15.  This female caller remained on the line with the dispatcher/officers for
several minutes and never once, described any activity that could even
remotely be considered a crime.

16.  The reality is that the caller's concern was that there was a black man,
walking around freely, in the County of Macomb, at night.

17.  The reality is that the defendant officers' actions pled herein were
caused, motivated and dictated by preconceived bias against a black
man, namely Plaintiff BRYANT.

Page 4 of 26

18.   On or about November 22, 2019, the Plaintiff BRYANT was on his way to work in the area of Hall Rd. and Trinity, in Macomb Township, when Defendant BLOUNT, wrongfully and without reasonable suspicion and/or probable cause that a crime had been and/or was being committed, ordered that Plaintiff BRYANT stop.

19.   Defendant BLOUNT, wrongfully and without reasonable suspicion and/or probable cause that a crime had been and/or was being committed, then aggressively approached the Plaintiff, as the Plaintiff stopped, ordering Plaintiff BRYANT to put his hands behind his back.

20.   Plaintiff immediately stated that he did not do anything and asked: "*What did I do?*" as Defendant BLOUNT proceeded to grab Plaintiff BRYANT'S arm and with great force, body-slammed him to the ground, causing physical injuries.

21.   Plaintiff continually asked what did he do and if he could talk with the officer, however, Defendant BLOUNT, held Plaintiff down assisted by additional officers (perhaps Defendant Jeruzal), as Plaintiff pleaded with the officers to get off of him.

22.   At all times relevant hereto, Plaintiff BRYANT did not have a weapon on his person, did not resist arrest or obstruct, as there was no legal basis to have stopped him and/or detain and/or arrest him, where Plaintiff BRYANT had committed no violations of any laws or ordinances.

23.   Defendant BLOUNT then caused the Plaintiff to be handcuffed, arrested and transported to jail.

24.    During the time of the Plaintiffs arrest, additional defendant Sheriffs who arrived at the scene, did nothing to prevent Defendant BLOUNT from assaulting, battering, detaining, handcuffing and arresting the Plaintiff and instead, assisted him in doing so, as is evident from the Defendants' on-officer camera video and audio (body cams/mics) and squad car video surveillance systems.

26.    At no time did any of the Sheriffs attempt to intervene and direct Defendant BLOUNT to remove the handcuffs from the Plaintiff, or release the Plaintiff because of failure for probable cause, nor did they arrest Defendant BLOUNT for his acts against the Plaintiff, instead the additional Sheriffs, including but not limited to Defendant JERUZAL, assisted and/or conspired to assist Defendant BLOUNT in his unprovoked attack upon the Plaintiff.

27.    When Plaintiff was handcuffed and laying motionless, face down on the ground, an officer stood on his leg for a lengthy period of time and for no apparent reason other than to cause pain and/or demean Plaintiff BRYANT.

28.    When Plaintiff was being detained by multiple officers, at least one of the officers put his/her foot on Plaintiff BRYANT'S neck and another officer kneeled on Plaintiff BRYANT'S  back, when it was obvious that he was handcuffed and controlled.

29.    Due to the brutality of the force and tackling of Plaintiff to the ground, Plaintiff BRYANT was in substantial pain and suffered pain and swelling

to his knees, pain in his chest, pain and bruising on his neck and injury

to his back.

30. Plaintiff was wrongfully and/or illegally arrested since the arresting

officers did not have the requisite reasonable suspicion and/or probable

cause to either order the Plaintiff to stop and/or arrest and/or search

and/or seize and/or assault him, at which time the Plaintiff was taken

to the Macomb County Jail for booking and where he was wrongfully

detained and imprisoned for two (2) days.

31. Throughout the altercation officers, specifically Defendant BLOUNT

is/are observed on on-officer body-cameras, intentionally and/or

deliberately covering the microphone, so that evidence of the

conspiratorial acts and/or statements being made, are

hidden.

32. One such instance, involved Defendant BLOUNT, Defendant JERUZAL

and a third un-named sheriff and/or officer, conspiring amongst

themselves regarding what charge to falsely allege against Plaintiff

BRYANT, when Defendant BLOUNT, covers the microphone on his

recorder to hide what is being said.

33. Defendant JERUZAL, does the same, as well as the unidentified

sheriff/officer.

33. Plaintiff was forced to unlawfully remain in Defendants' custody until

eventually he was released on bond, two (2) days later.

34. As a result of the defendant officers' prepared criminal complaint and/ or case reports, which contained material falsehoods, the same was filed with the Macomb County Prosecutors Office and the Plaintiff was charged with a two (2) year felony: Resisting Obstructing a Police Officer (MCL 750.8ld(l)), even though there was a lack of probable cause for the criminal prosecution of the Plaintiff.

35. The charge was eventually properly dismissed by the Honorable Jacob Femminineo Jr., of the 41-B District Court and said dismissal was consented to by the Macomb County Prosecutor's office, as there was never any lawful basis to stop the Plaintiff in the first place.

36. Plaintiff BRYANT's Constitutional rights were violated as pled herein.

37. A reasonable official in Defendant BLOUNT's and/or Defendant JERUZAL'S position, would have understood that their actions, as plead herein, violated the Plaintiffs Constitutional rights.

38. The Plaintiffs Constitutional rights, as plead herein, were clearly established such that a reasonable official in Defendants' position, inclusive of Defendants BLOUNT/JERUZAL, would have and should have understood that they were and did violate Plaintiffs Constitutional rights.

39. The arresting officers, specifically Defendants BLOUNT/JERZAUL, lacked probable cause to arrest Plaintiff BRYANT.

40. Defendants BLOUNT/JERUZAL knew and/or should have known that probable cause did not exist for the arrest of Plaintiff BRYANT.

41.    The criminal prosecution of Plaintiff BRYANT was initiated as pled
       herein.

42.    There was a lack of probable cause to bring the criminal prosecution of
       Plaintiff BRYANT.

43.    As a result of the arrest and criminal prosecution of Plaintiff BRYANT,
       he did suffer deprivation of liberty.

44.    The criminal proceedings were resolved in the Plaintiff's favor by
       having the aforementioned criminal charge dismissed.

45.    At all times relevant herein, Defendant COUNTY failed to adequately
       train, supervise and/or discipline Defendants BLOUNT/JERUZAL, in
       the performance of their duties as a Sheriff, which include but is not
       limited to arrests, probable cause, use of force, proper preparation of
       complaint/case reports, malicious prosecution, abuse of process,
       failure to intervene and review of officer video).

46.    Defendant COUNTY, as well as other officers, agents and/or
       representatives, not known to Plaintiff, failed, refused, and/or were
       deliberately indifferent with regard to adequately training, supervising
       and/or disciplining Defendants BLOUNT/JERUZAL, in such a manner
       as to prevent the violation of Plaintiff's constitutional rights including,
       but not limited to, implementing policies and/or procedures and/or
       practices to ensure compliance with the Federal and State
       Constitutions and Laws.

47. As a result of the aforementioned actions and/or inactions of the Defendants, the Plaintiff suffered financially, as well as physically, including but not limited to a loss of liberty by being wrongly arrested, detained, imprisoned and prosecuted, physically assaulted, emotionally distraught and generally treated like a sub-human being.

48. The Plaintiff suffered extreme stress, as well as other economic and non-economic damages. All such damages as alleged herein, were committed by the named Defendants and under the color of law.

## COUNT 1
## 42 U.S.C. § 1983 & 1985
## AS TO INDIVIDUAL DEFENDANTS BLOUNT AND JERUZAL

49. Plaintiff specifically incorporates by reference herein each and every allegation contained within this Complaint as if fully set forth herein.

50. Defendants were, at all times relevant, acting under color of law and acting within their course or scope of employment and duties and in their individual and official capacities.

51. The Defendants, under color of state law, deprived the Plaintiff of his rights and privileges conferred by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

52. Defendants violated Plaintiffs right to be free from cruel and unusual punishment, deprivation of life and liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

53.   Defendants violated Plaintiffs clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including but not limited to:

a.   the right to be free from wrongful and/or illegal arrest and wrongful and/or illegal imprisonment;

b.   the right to be free from malicious prosecution and abuse of process;

c.   fabricating evidence to create reasonable suspicion and/or probable cause against Plaintiff in violation of his Fourth Amendment rights;

d.   wrongfully detaining, searching, handcuffing and subsequently arresting Plaintiff in violation of his Fourth Amendment rights;

e.   causing and maintaining false arrest, false imprisonment;

f.   intentionally causing serious emotional distress;

54.   The acts and/or inactions of the Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, resulting in significant injuries to Plaintiff as alleged herein.

54.   Defendants also violated Plaintiffs constitutional rights when they failed to intervene on Plaintiffs behalf and stop the excessive force being

used against him, as well as his malicious prosecution and abuse of the judicial process against him.

55. Defendants are not entitled to qualified immunity for the reasons stated herein as they violated Plaintiffs clearly established Constitutional Rights inclusive of the Fourth Amendment right to be free from the use of excessive force against him.

56. As a proximate result of violation and/or deprivation of Plaintiffs constitutional rights by Defendants, Plaintiff has a viable claim for exemplary, compensatory, and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff DARRIUS BRYANT demands judgment against all Defendants for compensatory and punitive damages in whatever amount the jury may determine not less than Seventy-Five Thousand ($75,000.00) Dollars plus costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

### COUNT II
### VIOLATION OF 42 U.S.C. 1983
### MUNICIPAL LIABILITY AS TO DEFENDANT COUNTY OF MACOMB

57. Plaintiff specifically incorporates by reference herein each and every allegation contained within this Complaint as if fully set forth herein.

58. At all times relevant to this lawsuit, Plaintiff BRYANT had a right under the due process clause of the state and federal constitutions not to be deprived of his life, liberty, or property.

59. Defendant BLOUNT/JERUZAL's acts of falsifying their police complaint reports when they knew and/or should have known lacked the requisite probable cause amounts to withholding exculpatory evidence and violated Plaintiff BRYANT'S fundamental constitutional rights under the Fourth, Eighth and Fourteenth Amendments.

60. At all times herein, Defendant County of Macomb, with deliberate indifference to the constitutional rights of the Plaintiff, established, promulgated, implemented, and maintained the following customs, policies, and/or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

   a.   By failing to adequately train, evaluate, supervise, investigate, review and/or discipline the officers, employees and/or agents under its supervision and/or control to ensure that said individuals did not violate Plaintiff's protected Fourth Amendment right to be secure against an unreasonable seizure and search, illegal or wrongful arrest, and illegal or wrongful imprisonment, absent reasonable suspicion and/or probable cause, despite the knowledge that such training, evaluation, supervision, investigation, review and/or discipline was necessary.

   b.   Failing to intervene when it knew and/or should have known officers, employees and/or agents under its supervision were conducting illegal and/or unconstitutional arrests, false imprisonment,

and seizures and searches of persons absent reasonable suspicion and probable cause.

c.     Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing practices of wrongful and/or illegal arrests, searches and seizures of persons, wrongful and/or illegal imprisonment, absent reasonable suspicion and probable cause including the subsequent malicious and/or abuse of the legal process system to further the same.

d.     By failing to properly investigate the misconduct and/or unconstitutional acts of the officers, employees and/or agents under its supervision and/or control, when review of the same would have revealed that the individually named defendant officers, clearly violated Plaintiff's well established constitutional right to free from unreasonable and/or unconstitutional arrest, detention, use of excessive or unreasonable force, search and/or seizure absent reasonable suspicion and probable cause.

61.   Through the above detailed policies, practices and customs, all of which existed prior to the complained of injuries and show the Defendant's deliberate indifference to the probability of the Plaintiff and/or citizens similarly situated, being deprived of their rights and privileges guaranteed under the United States Constitution and the same was the moving force behind the violations of Plaintiff's constitutional rights, as alleged herein.

62.   As a direct and proximate cause of the above detailed policies, practices and customs, including the acts and/or omissions of the individually named defendant officers, the Plaintiff suffered injuries and damages including, but not limited to:

a.   Economic damages, past and future, including but not limited to lost wages and/or earning capacity;

b.   Pain and suffering, physical injury;

c.   Loss of society and companionship;

d.   Mental anguish, fear, anxiety, humiliation, and shame;

e.   Serious emotional distress; and

f.   Cost of past and future medical and other associated fees, including but not limited to legal costs/fees/expenses, so unnecessarily incurred as a result of Plaintiff's wrongful arrest and prosecutions

g.   All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff DARRIUS BRYANT demands judgment against all Defendants for compensatory and punitive damages in whatever amount the jury may determine not less than Seventy-Five  Thousand  ($75,000.00) Dollars  plus  costs,  interest,  and  actual  attorney  fees pursuant to 42 U.S.C. § 1988.

## COUNT III
## 42 U.S.C. § 1983
## FALSE ARREST
## DEFENDANTS BLOUNT and JERUZAL

63.   Plaintiff specifically incorporates by reference herein each and every allegation contained within this Complaint as if fully set forth herein.

64.   Defendants BLOUNT/JERUZAL unlawfully took, seized and/or detained Plaintiff by touching and/or putting hands on Plaintiff (absent consent) and subjected Plaintiff to actual control and the will of said Defendants, when they knew and/or should have known that they did not have reasonable suspicion and/or probable cause.

65.   Defendants BLOUNT/JERUZAL intended to make an arrest and imprison the Plaintiff at the time of the arrest.

66.   Defendants violated Plaintiffs right to be free from false arrest, confiscation of personal property, making false police reports, fabricating evidence, searching Plaintiff in public, and subjecting Plaintiff to public humiliation.

67.   All Defendants and/or their employees and/or officers, particularly Defendant BLOUNT, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff BRYANT of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiffs right not to be deprived of liberty without due process of law, as guaranteed by Amendments IV, V, VIII and XIV of the United States Constitution.

68.   As a direct and proximate result of Defendant BLOUNT's false arrest and imprisonment of Plaintiff, Plaintiff suffered injuries and damages.

WHEREFORE, Plaintiff DARRIUS BRYANT demands judgment against all Defendants for compensatory and punitive damages in whatever amount the jury may determine not less than Seventy-Five Thousand ($75,000.00) Dollars plus costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

### COUNT IV
### 42 U.S.C. § 1983
### FALSE IMPRISONMENT
### DEFENDANTS BLOUNT and JERUZAL

69. Plaintiff specifically incorporates by reference herein each and every allegation contained within this Complaint as if fully set forth herein.

70. Plaintiff BRYANT was falsely arrested and falsely imprisoned by Defendants BLOUNT/JERUZAL.

71. The Defendants BLOUNT/JERUZAL violated Plaintiffs right to be free from false imprisonment confiscation of personal property, making false police reports, fabricating evidence, searching Plaintiff in public, and subjecting Plaintiff to public humiliation, intentionally and deliberately or with reckless disregard for the truth.

72. The protection from detention without legal process is a clearly established constitutional right of which a reasonable person and/or officer would have known.

73. Hence, Defendants BLOUNT/JERUZAL's actions are objectively unreasonable considering this clearly established constitutional right.

74. All Defendant public safety employees involved in the allegations plead herein, as well as all named Defendants, acted under color of law but, contrary to law, intentionally and unreasonably deprived the Plaintiff of rights, privileges, and immunities secured by the U.S. Constitution, laws of the United States, and 42 U.S.C. § 1983, including:

    A. Plaintiffs right to be free from false imprisonment, as guaranteed by Amendments IV and XIV of the United States Constitution, by unlawfully imprisoning him against his will and without probable cause to believe that he had committed any crime; and

    B. Plaintiffs right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

75. As a direct and proximate result of the Defendants BLOUND/ JERUZAL's misconduct, Plaintiff BRYANT has suffered damages and will continue to suffer damages in the future, including but not limited to:

    a. Economic damages, past and future, including but not limited to lost wages and/or earning capacity;

    b. Pain and suffering, physical injury;

    c. Loss of society and companionship;

    d. Mental anguish, fear, anxiety, humiliation, and shame;

    e. Serious emotional distress; and

f.      Cost of past and future medical and other associated fees, including but not limited to legal costs/fees/expenses, so unnecessarily incurred as a result of Plaintiff's wrongful arrest and prosecutions

g.      All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff DARRIUS BRYANT demands judgment against all Defendants for compensatory and punitive damages in whatever amount the jury may determine not less than Seventy-Five Thousand ($75,000.00) Dollars plus costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT V
## 42 U.S.C. § 1983
## MALICIOUS PROSECUTION
## DEFENDANTS BLOUNT and JERUZAL

76.   Plaintiff specifically incorporates by reference herein each and every allegation contained within this Complaint as if fully set forth herein.

77.   Pursuant to 42 U.S.C. 1983, as well as the 4th, 8th, and/or 14th Amendments to the United States Constitution, individuals are protected from criminal prosecution without probable cause.

78.   A criminal prosecution was initiated by Defendants BLOUNT/JERUZAL against Plaintiff BRYANT.

79.   Defendants BLOUNT/JERUZAL influenced and/or participated in the prosecution against Plaintiff BRYANT when they intentionally and deliberately, or with reckless disregard for the truth, made false

statements, material misrepresentations and/or omissions in the police complaint reports filed in their usual custom and/or practice and/or procedure.

80.  Defendants BLOUND/JERUZAL'S false statements were material in establishing the requisite probable necessary to prosecute Plaintiff BRYANT.

81.  Plaintiff BRYANT suffered a deprivation of liberty as a consequence of the legal proceeding because he was imprisoned for at least two (2) days and then subject to the jurisdiction of the district court prior to dismissal of all charges in his favor.

82.  The protection from criminal prosecution without probable cause is a clearly established constitutional right of which a reasonable person would have known.

83.  Defendants BLOUNT/JERUZAL'S actions were objectively unreasonable considering this clearly established constitutional right.

84.  As a direct and proximate result of the Defendants BLOUND/JERUZAL's misconduct, Plaintiff BRYANT has suffered damages and will continue to suffer damages in the future, including but not limited to:

  a.  Economic damages, past and future, including but not limited to lost wages and/or earning capacity;

  b.  Pain and suffering, physical injury;

  c.  Loss of society and companionship;

  d.  Mental anguish, fear, anxiety, humiliation, and shame;

e.      Serious emotional distress; and

f.      Cost of past and future medical and other associated fees,

including but not limited to legal costs/fees/expenses, so unnecessarily

incurred as a result of Plaintiff's wrongful arrest and prosecutions

g.      All other damages learned through the course of discovery and

up through the time of trial.

WHEREFORE, Plaintiff DARRIUS BRYANT demands judgment against

all Defendants for compensatory and punitive damages in whatever amount

the jury may determine not less than Seventy-Five Thousand ($75,000.00)

Dollars plus costs, interest, and actual attorney fees pursuant to 42 U.S.C. §

1988.

## COUNT VI
## DENIAL OF DUE PROCESS
## DEFENDANTS BLOUNT and JERUZL

85.   Plaintiff specifically incorporates by reference herein each and every

allegation contained within this Complaint as if fully set forth herein.

86.   Plaintiff BRYANT had a right under the due process clause in the

federal constitution, as well as the due process clause in Michigan's

constitution, not to be deprived of his life, liberty, or property.

87.   At all times relevant to this lawsuit, Defendants BLOUNT/JERUZAL

were state actors and their conduct was subject to 42 U.S.C. 1983,

1985 and 1988.

88. The police complaint reports that Defendants BLOUNT/JERUZAL falsified and/or their failure to disclose that they falsified said reports and/or things, violated Plaintiff BRYANT'S right to due process.

89. Defendants BLOUNT/JERUZAL willfully or inadvertently falsified the police complaint reports and/or failed to disclose that they falsified said reports and/or things.

90. Probable cause could not have been established without Defendants BLOUNT/JERUZAL'S falsified statements in their police complaint reports and/or things and/or without their failure to disclose that they falsified police complaint reports and/or things in attempt to prosecute Plaintiff BRYANT.

91. As a result of Defendants BLOUNT/JERUZAL'S falsified statements in the police complaint reports and/or things and/or their failure to disclose that they falsified statements in the police complaint reports and/or things, Plaintiff BRYANT was prejudiced.

92. Defendants BLOUNT/JERUZAL'S knowledge that the statements they provided to establish probable cause were false was exculpatory.

93. Despite having this exculpatory evidence, Defendants BLOUNT/ JERUZAL never produced this evidence to the prosecution or defense counsel in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

94. The right to due process is a clearly established constitutional right of which a reasonable person would have known.

95.  Defendants BLOUNT/JERUZAL were objectively unreasonable considering this clearly established constitutional right.

96.  As a direct and proximate result of the Defendants BLOUND/JERUZAL's misconduct, Plaintiff BRYANT has suffered damages and will continue to suffer damages in the future, including but not limited to:

    a.   Economic damages, past and future, including but not limited to lost wages and/or earning capacity;

    b.   Pain and suffering, physical injury;

    c.   Loss of society and companionship;

    d.   Mental anguish, fear, anxiety, humiliation, and shame;

    e.   Serious emotional distress; and

    f.   Cost of past and future medical and other associated fees, including but not limited to legal costs/fees/expenses, so unnecessarily incurred as a result of Plaintiff's wrongful arrest and prosecutions

    g.   All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff DARRIUS BRYANT demands judgment against all Defendants for compensatory and punitive damages in whatever amount the jury may determine not less than Seventy-Five Thousand ($75,000.00) Dollars plus costs, interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

Respectfully Submitted,


**/s/ Ronnie E. Cromer, Jr.,**
RONNIE E. CROMER, JR., (P59418)
THE CROMER LAW GROUP PLLC
Plaintiff's Counsel
24901 Northwestern Hwy., Ste. 612
Southfield, MI 48075
248-809-6790 (office)
**rcromerjr@thecromerlawgroup.com**


Dated: November 18, 2022


### JURY DEMAND

NOW COMES the Plaintiff DARRIUS BRYANT, by and through his attorney, RONNIE E. CROMER, JR., and THE CROMER LAW GROUP PLLC, and hereby demands a trial by jury in the above-entitled matter.

Respectfully Submitted,


**/s/ Ronnie E. Cromer, Jr.,**
RONNIE E. CROMER, JR., (P59418)
THE CROMER LAW GROUP PLLC
Plaintiff's Counsel
24901 Northwestern Hwy., Ste. 612
Southfield, MI 48075
248-809-6790 (office)
**rcromerjr@thecromerlawgroup.com**


Dated: November 18, 2022

## <u>ATTESTATION</u>

I declare that the above statements are true and accurate to the best of my information, knowledge and/or belief.


Dated: November 18, 2022


**/s/ Darrius Bryant**
**Darrius Bryant- Plaintiff**


Dated: November 18, 2022


**/s/ Deborah Cook**
**Deborah Cook - Plaintiff's Legal Guardian**
**and Next Friend**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2022, I electronically filed the

foregoing paper with the Clerk of the Court using the ECF system, which will

send notice of said filing to all attorneys/parties of record.

Respectfully Submitted,

**/s/ Ronnie E. Cromer, Jr.,**
RONNIE E. CROMER, JR., (P59418)
THE CROMER LAW GROUP PLLC
Plaintiff's Counsel
24901 Northwestern Hwy., Ste. 612
Southfield, MI 48075
248-809-6790 (office)
**rcromerjr@thecromerlawgroup.com**

Dated: November 18, 2022